MARGARET TEN HOPEN v. LUKE TAYLOR, IMPLEADED
WITH THOMAS WALKER AND FRANK J. LAMB.

[See 96 Mich. 236.]

*Supersedeas bond—Clerical error—Conditions.*

1. In a suit upon a *supersedeas* bond, in which, as declared upon,
the judgment was stated at "two hundred and twenty-five
dollars," it appeared, on offering the bond in evidence, that
the word "two" was written "twn." And it is held that this
was a mere clerical error, and was properly disregarded by
the court; citing *King v. Merritt*, 67 Mich. 194, and cases cited.

2. A defendant, in order to secure a stay of proceedings upon
a judgment rendered against him, executed a bond conditioned
(as required by 3 How. Stat. § 7621c) to pay said judgment if
not set aside, or (as required by How. Stat. § 8679) to prosecute
his writ of error to effect, and pay and satisfy such judgment
as might be rendered against him thereon. And it is held
that there is no uncertainty or ambiguity in the bond; that
it is substantially in compliance with the statute, and, if not
in strict compliance therewith, it is a good common-law bond
(*Healy v. Newton*, 96 Mich. 228); that the fact of its being in
the alternative cannot affect the liability of the surety, as in
either event the amount is certain.

Case made from Kent. (Adsit, J.) Submitted on
briefs November 23, 1894. Decided December 18, 1894.

Debt. Defendant Taylor assigns error. Affirmed. The
facts are stated in the opinion.

*Birney Hoyt,* for appellant.

*Francis A. Stace,* for plaintiff.

LONG, J. This cause was tried before the court with-
out a jury, and the following findings of fact and law
made:

1. On May 27, 1892, plaintiff recovered judgment in the circuit court for Kent county for the sum of $225 damages and $76.50 costs, against defendant Thomas Walker.

2. On June 15, for the purpose of obtaining a stay of execution on said judgment and taking proceedings to remove the cause to the Supreme Court, defendant Walker, as principal, and Luke Taylor and Frank J. Lamb, as sureties, made and filed with the clerk of the circuit court a bond.

This bond is set out in the findings. It recites a penalty of $500. The condition of the bond is:

" Now, therefore, the condition of this obligation is such that if the said Thomas Walker shall prosecute his said writ of error to effect, and shall pay and satisfy such judgment as may be rendered against him in said court, or, if such judgment is not set aside or reversed, shall pay the judgment rendered against him in the said circuit court for the county of Kent, then this obligation shall be void; otherwise shall be and remain in full force and virtue."

This bond was approved by the circuit judge. The court further finds as follows:

3. Said bond was typewritten, and therein, by an evident clerical error of the typewriter, 'twn' was written instead of 'two,' in the recital of the amount of the judgment.

4. On June 15, 1892, the day of filing such bond, on motion of said defendant Walker, the stay of proceedings before then entered for 20 days in said cause mentioned in said bond was extended for 40 days.

5. Said judgment was removed by writ of error issued in September, 1892, to the said Supreme Court, and affirmed, with costs of $45.75.

6. The amount due on said judgment for damages and costs and interest is $383.93.

7. Said judgment has not been paid, and execution has been issued and returned wholly unsatisfied.

Judgment was entered for plaintiff for the amount found due.

The first point made against this judgment is that there is a variance between the bond declared upon and the one

put in evidence, as the recitations of the amount of the judgment are different. The court was not in error in holding this a 'mere clerical error. It is well settled that mere clerical errors, where the meaning is evident, will be disregarded. *King* v. *Merritt*, 67 Mich. 194, 206, and cases there cited.

It is next claimed that the bond is void because its condition is indefinite, uncertain, and ambiguous; that the condition is in the alternative, and does not provide with certainty for the payment of any judgment; and that a bond cannot be conditioned upon one statute with an alternative condition upon another statute. The bond, however, is that prescribed by 3 How. Stat. § 7621c, providing that—

"No stay of proceedings upon any verdict or judgment rendered in any circuit court in this State shall hereafter be granted or allowed, for the purpose of moving for a new trial or settling a bill of exceptions in the case in which such verdict or judgment was rendered, for a longer period than 20 days, unless the party applying for such stay, if judgment shall have been rendered against him, shall execute to the adverse party a bond with sufficient surety or sureties, to be approved by the judge of the court in which such judgment was rendered, conditioned to pay such judgment if the same is not set aside or reversed."

And section 7621f provides that—

"No further or other bond shall be required to stay and supersede execution upon any writ of error issued out of the Supreme Court of this State by or on behalf of the party filing the bond mentioned and required in section 1 of this act" (being section 7621c).

2 How. Stat. § 8679, provides that—

"No writ of error shall operate to stay or supersede the execution in any civil action, unless the plaintiff in error, with two sufficient sureties, or three sufficient sureties without the plaintiff in error, shall give bond to the defendant in error, with condition that the plaintiff in error

shall prosecute his writ to effect, and shall pay and satisfy such judgment as shall be rendered against him thereon."

The condition of the bond in question was written so as to cover both conditions prescribed by the above statutes. The bond was given to enable the principal to take a stay of proceedings while prosecuting his case to the Supreme Court. The circuit judge approved the bond for the purpose for which it was given. There is no uncertainty or ambiguity in it. It is substantially in compliance with the statute. If not in strict compliance with the statute, it would be a good common-law bond. *Healy v. Newton,* 96 Mich. 228. That it is in the alternative cannot affect the liability of the surety. In either event the amount is certain.

Some other questions are raised, which we do not deem important to discuss.

The judgment is affirmed.

The other Justices concurred.